UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY MASON, | Civil Action No. 19-4655 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| GEORGE ROBINSON, et al., | |
| Defendants. | |

**LINARES**, Chief District Judge:

Currently before the Court is the Complaint, (ECF No. 1), and application to proceed *in forma pauperis*, (ECF No. 1-1), of Plaintiff Larry Mason. Based on Plaintiff's application, leave to proceed *in forma pauperis* is warranted in this matter, and the Court will therefore grant Plaintiff's application to proceed *in forma pauperis*. As the Court is granting Plaintiff *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's Complaint without prejudice in its entirety.[1]

## I. BACKGROUND

In his Complaint, Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 against Administrator George Robinson and Major Bruce Kerner of Northern State Prison based on his having lost his prison job. (ECF No. 1). Specifically, Plaintiff contends that the administrator and

---

[1] The Court's previous Order granting Plaintiff's application to proceed in forma pauperis and ordering the filing of the Complaint, (ECF No. 2), is therefore vacated in the Order accompanying this Opinion.

1

major employed a policy of firing certain inmates from their prison jobs at random, and that he was a victim of such a firing. (ECF No. 1 at 5–6). Plaintiff contends that he was fired from a high-level kitchen job at the prison without cause or explanation, that he was then reassigned to the lowest level of employment at the prison, and that he was not given a valid explanation for this change. (ECF No. 1 at 5–6). According to Plaintiff, this has lowered his prison wages, and has reduced the number of work credits he receives going forward. (ECF No. 1 at 5–6). Plaintiff has not alleged that he was deprived of any already earned work credits, only that he lost the ability to earn the "maximum allowed [number of] work credits" per week, which he was previously able to do. (ECF No. 1 at 5–6).

## II. LEGAL STANDARD

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801–10, 110 Stat. 1321–66 to 1321–77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, see 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. ANALYSIS

Plaintiff seeks to bring a claim against two prison officials based on alleged violations of his constitutional rights arising out of his having lost his prison job at Northern State Prison. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (Section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

3

constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

Plaintiff contends that his firing without explanation denied him a Due Process right based on an alleged property interest he possessed in retaining his prison job and the ability to prospectively earn the maximum number of work credits available. As the Third Circuit has long held, however, prison "inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 629–30 (3d Cir. 1989); *Morales v. Grondolsky*, No. 08-2969, 2009 WL 1545841, at *3 (D.N.J. May 29, 2009). Likewise, while prisoners do have a liberty interest in prison time reduction credits that they have *already earned*, *see, e.g., Wolff v. McDonnell*, 418 U.S. 539, 556–57 (1974), they have "no constitutionally protected 'liberty' interest in an opportunity to work or receive work credits while incarcerated in the New Jersey prison system." *Rowe v. Fauver*, 533 F. Supp. 1239, 1245 (D.N.J. 1982); *see also Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (loss of eligibility to earn good time credits too attenuated to amount to protected liberty interest absent the loss of any previously earned credits); *Rodriguez-Ramos v. Fed. Bureau of Prisons*, No. 14-3942, 2015 WL 6082300, at *7 (D.N.J. Oct. 15, 2015); *Drisco v. Williams*, No. 13-1144, 2015 WL 5097790, at *8 (D.N.J. Aug. 27, 2015); *Colon v. Zickefoose*, No. 12-3433, 2013 WL 6497957, at *6 (D.N.J. Dec. 11, 2013) (prisoner has "no liberty interest *in the opportunity to earn*" prison credits). As such, Plaintiff had neither a liberty nor a property interest in his prior prison employment, nor a liberty interest in his opportunity to continue earning the maximum number of work-based time credits going forward. Because Plaintiff had neither a cognizable liberty nor property interest, and his sole claim under

the Due Process Clause fails to state a claim for which relief may be granted. Plaintiff's Complaint is therefore dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, his Complaint shall be DISMISSED WITHOUT PREJUDICE in its entirety, and Plaintiff shall be granted leave to file an amended complaint if he so chooses within thirty days. An appropriate Order accompanies this Opinion.

JOSE L. LINARES,
Chief Judge, United States District Court