UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LARRY MASON,** | Civil Action No. 19-4655 (CCC) |
| **Plaintiff,** | |
| v. | OPINION |
| **GEORGE ROBINSON, et al.,** | |
| **Defendants.** | |

**CECCHI, District Judge**:

Currently before the Court is the amended complaint (ECF No. 7) of Plaintiff Larry Mason. As Plaintiff has previously been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice in its entirety.

**I. BACKGROUND**

In his amended complaint, Plaintiff once again seeks to raise claims pursuant to 42 U.S.C. § 1983 based on his termination from his prison kitchen job at Northern State Prison. (ECF No. 7 at 2-7). Specifically, Plaintiff alleges that Defendants, all of whom are employed by the prison, removed him from his prison kitchen work assignment and reassigned him to a sanitation-based job, which includes lower pay and reduced ability to earn work credits towards his sentence. (*Id.* at 4-7). According to Plaintiff, he repeatedly complained about this issue, but was told to file a new job transfer request if he wished to be considered for placement back in his previous kitchen job. (*Id.*). Plaintiff, without providing much in the way of background, asserts that the decision

to remove him from his kitchen job and the refusal of prison staff to reassign him without him filing a job transfer request amounts to an arbitrary deprivation of a liberty interest created under state law through New Jersey's Administrative Code, which he contends Defendants did not follow.  (*Id.* at 6-7).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff has been granted *in forma pauperis* status.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMC Shadyside*, 578 F.3d

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

As Judge Linares explained in dismissing Plaintiff's previous complaint in this matter,

> Plaintiff seeks to bring a claim against two prison officials based on alleged violations of his constitutional rights arising out of his having lost his prison job at Northern State Prison. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).
>
> Plaintiff contends that his firing without explanation denied him a Due Process right based on an alleged property interest he possessed in retaining his prison job and the ability to prospectively earn the maximum number of work credits available. As the Third Circuit has long held, however, prison "inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." *Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014); *see also James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989); *Morales v. Grondolsky*, 2009 WL 1545841, at *3 (D.N.J. May 29, 2009). Likewise, while prisoners do have a liberty interest in prison time reduction credits that they have *already earned*, *see, e.g., Wolff v.*

> *McDonnell*, 418 U.S. 539, 556-57 (1974), they have "no constitutionally protected 'liberty' interest in an opportunity to work or receive work credits while incarcerated in the New Jersey prison system." *Rowe v. Fauver*, 533 F. Supp. 1239, 1245 (D.N.J. 1982); *Rodriguez-Ramos v. Federal Bureau of Prisons*, No. 14-3942, 2015 WL 6082300, at *7 (D.N.J. Oct. 15, 2015); *Drisco v. Williams*, No. 13-1144, 2015 WL 5097790, at *8 (D.N.J. Aug. 27, 2015); *Colon v. Zickefoose*, No. 12-3433, 2013 WL 6497957, at *6 (D.N.J. Dec. 11, 2013) (prisoner has "no liberty interest *in the opportunity to earn*" prison credits, emphasis in original); *see also Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012) (loss of eligibility to earn good time credits too attenuated to amount to protected liberty interest absent the loss of any previously earned credits). As such, Plaintiff had neither a liberty or property interest in his prior prison employment, nor a liberty interest in his opportunity to continue earning the maximum number of work-based time credits going forward. Because Plaintiff had neither a cognizable liberty nor property interest, he had no [federally protected] right to Due Process in his firing from his prison job[.]

(ECF No. 4 at 3-5).

Having apparently realized that attempting to pursue a federal Due Process claim based on his loss of employment is futile in light of the caselaw cited by Judge Linares, Plaintiff now seeks to transform his claim from a claim based on a lost federal liberty or property interest to a claim based on a state-created liberty or property interest, which he believes was created by the New Jersey Administrative Code. The inherent problem with Plaintiff's claim, however, is that the New Jersey state courts have explicitly rejected the contention that the state has created such a liberty or property interest which would give rise to a Due Process claim based on arbitrary termination from a prison job:

> inmates do not possess a liberty or property interest in a job assignment. *Lorusso v. Pinchak*, 305 N.J. Super. 117, 118 (App. Div. 1997) (affirming the denial of retroactive work credits and wages for a delay in assigning a prisoner to employment). An "inmate has no liberty interest in a particular, or any, job assignment, nor in the wages or credits that can be earned by performing a prison work assignment." *Id.* at 119 (citing *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989)). "[I]nmates entering prison have no

4

> concrete expectation of being given a job assignment." *Id.* While inmates may believe that the DOC will not change work assignments absent misconduct, "because the unique circumstances that attend the administration of prisons, reasonable assumptions of inmates cannot always be equated with constitutionally-protected liberty interests." *Jenkins v. Fauver*, 108 N.J. 239, 253 (1987).

*Torres v. New Jersey Dep't of Corr.*, 2018 WL 1219429, at *1 (N.J. App. Div. 2018), *certif. denied*, 234 N.J. 126 (2018). The New Jersey state courts have therefore rejected any claim that the arbitrary dismissal from a prison kitchen work assignment gives rise to either a lost liberty interest or a Due Process claim under either the federal or state constitutions. *Id.* It is thus clear that the state of New Jersey has not created any liberty or property interest in prison work assignments. Because Plaintiff has neither a federal nor state created liberty or property interest in his lost work assignment or the reduction in his ability to earn future work credits following the work change, Plaintiff cannot show that he was denied Due Process. *Id.*; *Watson*, 567 F. App'x at 78; *James*, 866 F.2d at 629-30. Plaintiff's amended complaint fails to state a claim for which relief may be granted, and shall be dismissed accordingly.

## III. CONCLUSION

For the reasons stated above, Plaintiff's amended complaint (ECF No. 7) shall be dismissed without prejudice in its entirety. An Appropriate order follows.

s/ Claire C. Cecchi

Date: April 4, 2023            **Claire C. Cecchi, U.S.D.J.**